IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

JOSHUA D. BUTLER,

    **Petitioner,**

v.

KEVIN LEDBETTER, Sheriff, and
GENTNER F. DRUMMOND, Attorney
General of Oklahoma,

    **Respondents,**

Case No. 23-CV-396-RAW-JAR

**OPINION AND ORDER**

    Petitioner Joshua D. Butler ("Petitioner"), a pro se pretrial detainee at the time he commenced this action, seeks federal habeas relief under 28 U.S.C. § 2241, challenging the State's jurisdiction to prosecute him, his bond and his pretrial detention. Dkt. No. 10. Respondent Gentner F. Drummond ("Respondent") filed a Motion to Dismiss arguing the Petition for Writ of Habeas Corpus ("Petition") is moot. Dkt. Nos. 14 and 15. Having considered Petitioner's Petition [Dkt. No. 10], Respondent's Motion to Dismiss and Brief in Support [Dkt. Nos. 14 and 15], Petitioner's Response [Dkt. No. 16], and applicable law, the Court finds and concludes that the Petition should be **dismissed.**

    **I.   Background**

    On February 20, 2024, Petitioner filed his Petition pursuant to 28 U.S.C. § 2241. Dkt. No. 10. By way of his Petition, he challenges "pretrial detention" in McIntosh County District Court, Case No. CF-2023-125, challenging "excessive bond" and "jurisdiction because I was on federal – Tribal land[.]" *Id.* at 2.[1] Plaintiff presents the following grounds:

---

[1] The Court's citations refer to the CM/ECF header pagination.

1. "Jurisdiction: I am married to Native American, Felicia Whitetree, and was on tribal/federal land when crime was committed. Therefore my actions are 'federal' not state[.]" *Id.* at 6-7.

2. "Equal rights: because I'm white I have to go by different set of laws because both Natives I was with are already home on ankle monitors but because state says I'm white $1,000,000 bond[.]" *Id.* at 7.

3. "Excessive bond: because state says I'm white I have a $1,000,000 bond, but the (2) Indians I was with when crime was committed are already home on ankle monitors[.] *Id.*

4. "Holding me against my will: Oklahoma has (no) legal rights to be practicing democracy/ government on tribal land, land belonging to the United States Government[.]" *Id.* at 8.

Petitioner further states, "because of the land I was on reservation, I felt no need to exhaust state remedies[.] They have (no) power over me[.]" *Id.*

Subsequent to Petitioner's filing, a jury trial was held on February 26, 27 and 28, 2024, and Petitioner was found guilty of the following charges: Endangering Others while Attempting to Elude a Police Officer (Count 3); Running a Roadblock (Counts 4 and 5); Resisting an Executive Officer (a lesser included offense of Count 6); Possession of a Firearm after Former Felony Conviction (Count 7); Possession of a Sawed-Off Rifle (Count 8); and Possession with Intent to Distribute Marijuana (Count 9). Dkt. No. 15-1. Having found Petitioner was previously convicted of two or more felonies, the jury recommended punishment of life imprisonment as to Counts 3, 4, 5, 7 and 8, and a ten-year term of imprisonment as to Count 9. Dkt. No. 15-2 at 1-3, 5-7. The jury also recommended a one-year county jail sentence and $500 fine as to Count 6. *Id.* at 4.

Sentencing was held May 1, 2024. Minute Order (Sentencing), *Oklahoma v. Butler*, No. CF-2023-125 (McIntosh Cnty. Dist. Ct. May 1, 2024). The district court sentenced Petitioner as follows:

Count (3): Life in DOC
Count (4): Life in DOC

    Count (5): Life in DOC
    Count (6): (1) year County jail and a fine $500.00
    Count (7): Life in DOC
    Count (8): Life in DOC
    Count (9): (10) years DOC

*Id.; see also* Judgment and Sentence, *Oklahoma v. Butler*, No. CF-2023-125 (McIntosh Cnty. Dist. Ct. May 3, 2024). The district court further ruled,

> Counts (3), (4), (5) will be served consecutive to one another with count (3) being first sentence served. After serving the consecutive sentences in counts (3), (4), (5), the Defendant will serve count (7). Count (6) will run concurrent with count (7). Consecutive to serving counts (6) and (7) the Defendant will serve the sentence imposed in counts (8) and (9).

*Id.* Petitioner is currently incarcerated at the Great Plains Correctional Center. Dkt. No. 20. Plaintiff commenced a direct appeal, and it is still pending. *See Butler v. State of Oklahoma*, F-2024-688 (Okla. Ct. of Crim. App.).

    **II.    Analysis**

Respondent takes the position Petitioner's challenges to the excessive bond and pretrial detention are now moot because of Petitioner's conviction. Dkt. No. 15 at 3-5. Respondent notes the court could recharacterize the § 2241 petition to a 28 U.S.C. § 2254 petition to save it from mootness and address the jurisdictional argument. *Id.* at 4. However, Respondent contends this is the incorrect course of action since recharacterizing the Petition could result in prejudice for other grounds Petitioner may wish to raise or any subsequent habeas petition he may wish to pursue. *See id.* at 5-6. Further, his jurisdictional claim would be subject to dismissal for lack of exhaustion. *Id.* at 7. Respondent argues this court should dismiss the Petition without prejudice. *Id.* Petitioner responds by reiterating his position regarding the State's lack of jurisdiction. *See* Dkt. No. 16. The court agrees with Respondent.

Since Petitioner was being detained for purposes of prosecution at the time he filed his Petition, "and not pursuant to a judgment of conviction, the [P]etition was appropriately brought

3

under § 2241 … and sought relief tailored to the pretrial context[.]" *Miller v. Glanz*, 331 F. App'x 608, 609 (10th Cir. 2009) (unpublished).[2] Upon Petitioner's conviction and incarceration pursuant to that conviction, however, the allegations in his Petition focused on pretrial custody (the excessive bond claim and challenge to pretrial detention) became moot. *Id.* at 610 ("Given the limited focus of typical pre-trial custody petitions under § 2241 …, such petitions become moot upon the conviction of the petitioner.").

As noted above, Petitioner also advances a jurisdictional claim. *See* Dkt. No. 10 at 6-8. The mootness issue could be avoided by recasting the pleading as a traditional § 2254 petition to address the jurisdictional claim. *Miller*, 331 F. App'x at 610. The Tenth Circuit has recognized, however, "there are [] compelling reasons not to do this." *Id.*

> First, even if the [jurisdictional] claim has been exhausted in preliminary pretrial proceedings …, a collateral federal attack on the conviction via habeas would still appear to be premature while direct appeal is pending in state court. *See Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Williams v. Bailey*, 463 F.2d 247, 248 (5th Cir.1972). Second, recasting [Petitioner's] current pleading as a § 2254 petition would have potentially prejudicial consequences for any later habeas petition he may wish to pursue in the event his conviction is affirmed on appeal-which would then be his second petition directed to the same conviction and, as such, subject to the constraints on second or successive petitions in 28 U.S.C. § 2244(b).

*Id.* Recasting Petitioner's Petition would be "procedurally problematic and practically prejudicial." *Id.* at 611. Following the Tenth Circuit's guidance, the court declines to recast the Petition and dismisses it without prejudice. *Id.*, *see also Clark v. Payne*, 341 F. App'x 355, 356 (10th Cir. 2009) (unpublished) (Tenth Circuit held underlying § 2241 petition was moot, declined to recast § 2241 petition as a § 2254 petition "because it could result in prejudice for any other grounds he may wish to raise or any subsequent habeas petitions he may wish to pursue" and

---

[2] The court cites all unpublished decisions herein as persuasive authority. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

vacating district court's judgment with directions to dismiss); *see also Brock v. Okla. Cnty. Det. Ctr.*, No. 18-CV-381-G, 2019 WL 191660, at *6 (W.D. Okla. Jan. 14, 2019) (relying on *Miller* to dismiss without prejudice moot § 2241 petition).

### III.     Conclusion

For the foregoing reasons, Respondent's Motion to Dismiss [Dkt. No. 14] is **GRANTED.**[3]

**IT IS HEREBY ORDERED** that:

1. Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Dkt. No. 10] is DISMISSED WITHOUT PREJUDICE;

2. Petitioner's Motion for Summary Judgment [Dkt. No. 17] is DENIED AS MOOT;

3. A certificate of appealability is DENIED because Petitioner has not shown "that jurists of reason would find it debatable whether the ... court was correct in its procedural ruling[]" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), that the Petition's request for relief under § 2241 was rendered moot by Petitioner's conviction and that the court should not recast the Petition as seeking relief under § 2254 while Petitioner's direct appeal remains pending in state court; and

4. A separate judgment of dismissal shall be entered in favor of Respondent and against Plaintiff.

**DATED** this 31st day of March, 2025.

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**

---

[3] As an alternative to its ruling on Respondent's Motion to Dismiss, the Court finds dismissal is appropriate under Rule 12(h)(3) of the Federal Rules of Civil Procedure, for substantially the same reasons. *See Ind v. Colo. Dep't of Corr.*, 801 F.3d 1209, 1213 (10th Cir. 2015); *Tay v. Hunter*, No. 19-cv-543-JFH-FHM, 2020 WL 5260814, at *2-3 (N.D. Okla. Sept. 3, 2020).